UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HSBC BANK USA, N.A. as trustee
on behalf of Ace Securities Corp,
Home Equity Loan Trust and for the
registered holders of Ace Securities
Corp. Home Equity Loan Trust, Series
2005-HE6, asset backed pass-through
certificates,

   Plaintiff,

v.                   Case No.  8:08-cv-1662-T-24 EAJ

DONNA M PINKSTON,

   Defendant/Third-Party Plaintiff

v.

OCWEN LOAN SERVICING, LLC, ET AL.,

   Third-Party Defendants.
_____/

**ORDER**

   This cause comes before the Court on Third-Party Plaintiff's Motion to Remand.  (Doc. No. 11).  Third-Party Defendant Ocwen Loan Servicing, LLC ("Ocwen") opposes the motion. (Doc. No. 12).

**I.  Background**

   Third-Party Plaintiff Donna Pinkston refinanced her home on June 22, 2005.  She contends that this transaction was accomplished through Third-Party Defendant Jason Varela, who is alleged to be an agent of Third-Party Defendant Ace Mortgage Funding ("Ace").

Additionally, she contends that Varela and Ace committed various Truth in Lending Act ("TILA") violations in connection with the transaction.

Pinkston began making payments on the loan to Novastar Mortgage, Inc. ("Novastar"). In September of 2005, Novastar notified Pinkston that the loan servicing for the transaction had been transferred to Third-Party Defendant Ocwen.

On June 12, 2008, Pinkston attempted to rescind the transaction based on TILA violations by sending notice to Novastar, Ocwen, and HSBC Bank USA, N.A. ("the Bank"). Ocwen received the notice and told Pinkston that it was maintaining the loan and would not rescind.

Based on the June 22, 2005 transaction, the Bank filed suit against Pinkston in state court, in which the Bank asserted two claims: (1) re-establishment of lost note, and (2) foreclosure of mortgage. (Doc. No. 2). In response, Pinkston filed four counterclaims against the Bank and several third-party claims against Ace, Varela, and Ocwen. (Doc. No. 3). Pinkston's sole claim against Ocwen is a TILA claim for rescission of the June 22, 2005 transaction and statutory violations, including an allegation that Ocwen failed to respond properly to Pinkston's rescission notice.

Ocwen was served with Pinkston's third-party complaint, and then Ocwen removed the state court case to this Court as a third-party defendant under 28 U.S.C. § 1441(c). In response, Pinkston filed the instant motion to remand.

**II. Standard of Review**

The removing defendant bears the burden of establishing that the removal was proper. See Morales v. R.J. Reynolds Tobacco Co., 2008 WL 313919, at *1 (S.D. Fla. Feb. 4,

2008)(citations omitted). Courts must strictly construe the removal statutes and remand the case if jurisdiction is doubtful. Id. (citation omitted). All uncertainties are resolved in favor of remand. Id. (citation omitted).

### III.  Motion to Remand

Pinkston moves this Court to remand this case, arguing that a case cannot be removed based on a third-party complaint, and even if it could, Ocwen cannot meet the requirements of § 1441(c). As explained below, while the Court finds that a case can be removed based on a third-party complaint if a claim therein meets the requirements of § 1441(c), the Court finds that the requirements of § 1441(c) are not satisfied in this case.

#### A.  Removal Based on Third-Party Complaint

Pinkston first argues that a case cannot be removed based on a third-party complaint. This argument has been rejected by Carl Heck Engineers, Inc. v. LaFourche Parrish Policy Jury, 622 F.2d 133 (5th Cir. 1980), which remains binding precedent today. Specifically, the court in Carl Heck stated that "[i]f the third party complaint [satisfies § 1441(c) by] stat[ing] a separate and independent claim which if sued upon alone could have been brought properly in federal court, there should be no bar to removal." Id. at 136.

#### B.  Requirements of § 1441(c)

Next, Pinkston argues that Ocwen cannot meet the requirements of § 1441(c), and therefore, the case should be remanded. Section 1441(c) provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title [federal question jurisdiction] is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c). Therefore, in order to satisfy the requirements of § 1441(c) in this case, Pinkston's third-party complaint must contain "a separate an independent claim or cause of action" against Ocwen that comes within this Court's federal question jurisdiction.

Pinkston has asserted a TILA claim against Ocwen, and such a claim comes within this Court's federal question jurisdiction. However, Ocwen cannot show that the TILA claim meets the "separate and independent" requirement.

The Supreme Court has stated "that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under s 1441(c)." American Fire and Casualty Co. v. Finn, 341 U.S. 6, 14 (1951). Additionally, the Court noted that the word, "independent" in the statute shows that Congress intended there to be a fairly complete disassociation between the federal claim and the otherwise non-removable state claims. Id. at 12; see also Fromknecht v. Brayson Development Corp., 734 F. Supp. 508, 510 (N.D. Ga. 1990)(citation omitted).

When a third-party defendant attempts removal, the "separate and independent" rule "requires that the plaintiff's claims against the original defendant be 'separate and independent' from the defendant's federal claims against the removing third party defendant." State of Texas, Board of Regents of the University Texas System v. Walker, 142 F.3d 813, 817 (5th Cir. 1998). Therefore, in order for removal to be proper under § 1441(c) in this case, Pinkston's TILA claim against Ocwen must be separate and distinct from the Bank's claims against Pinkston. Under the facts of this case, however, such a showing cannot be made.

Pinkston's TILA claim against Ocwen stems from the same transaction as the Bank's re-establishment of the note and mortgage foreclosure claims. Therefore, while Pinkston's TILA

4

claim against Ocwen is separate from the Bank's claims against Pinkston, the claims are not independent.  The central issue for all three claims is who owns the note.  Thus, if it is shown that Ocwen owns the note and Pinkston succeeds on her TILA rescission claim against Ocwen, then the Bank will not succeed on its claims against Pinkston to re-establish the note and foreclose due to the fact that the Bank does not own the note.

Ocwen appears to concede that Pinkston's TILA claim for rescission is related to the Bank's claims against her.  (Doc. No. 12, p. 8).  However, Ocwen argues that to the extent that Pinkston's TILA claim is for statutory damages, the claim will be determined solely on the basis of Ocwen's actions in responding to the rescission notice and Ocwen's legal duty to Pinkston[1], making Pinkston's claim independent.  The Court is not persuaded by this argument, as all three claims are dependent on the resolution of the issue of who owns the note.

Specifically, the Bank has asserted its re-establishment of the note claim pursuant to Florida Statute § 673.3091.  In order to recover under this statute, the Bank must prove its ownership of the note.  See Lawyers Title Ins. Co., Inc. v. Novastar Mortgage, Inc., 862 So. 2d 793, 799 (Fla. 4th DCA 2004)(citations omitted).  Likewise, in order for the Bank to succeed on its foreclosure claim, it must prove that it owns the note.  See Mortgage Electronic Registration Systems, Inc. v. Azize, 965 So. 2d 151, 154 (Fla. 2d DCA 2007)(stating that the owner of a note and mortgage has standing to proceed with foreclosure).

---

[1]As set forth in 15 U.S.C. § 1635(b), when the debtor exercises her right to rescind the transaction, "[w]ithin 20 days after receipt of a notice of rescission, the **creditor** shall return to the [debtor] any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction."  (emphasis added).  If Ocwen did not own the note at issue, and thus was not Pinkston's creditor, a claim for a violation of § 1635(b) would fail.

However, in order for Pinkston to succeed on her TILA claim against Ocwen, she must show that Ocwen is her creditor or an assignee of her creditor. A creditor is generally defined under TILA as a person or entity that both: (1) regularly extends consumer credit, and (2) is the person or entity to which the debt arising from the consumer credit transaction is initially payable. See 15 U.S.C. § 1602(f). Thus, Pinkston will have to show that Ocwen owned the note.

Accordingly, the Bank's claims against Pinkston and her TILA claim against Ocwen are not independent, as all three claims are based on the same underlying transaction and all are dependent on the resolution of who owns the note. See, e.g., Lacy v. General Finance Corp., 651 F.2d 1026, 1029 (5th Cir. 1981)(stating that "a TILA claim and a state law debt claim which concern the same loan are related. Both claims arise from one transaction"). As a result, the Court finds that removal under § 1441(c) was not proper, and therefore, the case must be remanded.

**IV. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Third-Party Plaintiff's Motion to Remand (Doc. No. 11) is **GRANTED**. The Clerk is directed to remand this case back to state court and then to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 31st day of October, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record